IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN PHILIP ROSS,

    Plaintiff,

v.

KILOLO KIJAKAZI,

    Defendant.

CIVIL ACTION NO.: 4:20-cv-12

## O R D E R

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's September 1, 2021, Report and Recommendation, (doc. 17), to which plaintiff has filed an objection, (doc. 18).  The Court **OVERRULES** plaintiff's objections and **ADOPTS** the Report and Recommendation as its opinion.

The Magistrate Judge recommended that the final determination of the Commissioner be affirmed, finding that the Administrative Law Judge's (ALJ) ruling was substantially based on the evidence presented.  (Doc. 17).  Plaintiff now objects, alleging that the Magistrate Judge erred in concluding that the residual functional capacity (RFC) was properly constructed considering Plaintiff's claimed weakened handgrip limitations.  (Doc. 18).

The ALJ determined that Ross retained the RFC for sedentary work except

> . . . [h]e can lift/carry 20 pounds occasionally and 10 pounds frequently.  He can push/pull up to 10 pounds occasionally.  The claimant could stand and/or walk up to 4 hours in an 8-hour workday, and sit for 6 hours in 8-hour workday with normal breaks.  He can occasionally climb ramps and stairs, but never climb ladders or scaffolds.  He can frequently balance and occasionally stoop, kneel, crouch and crawl.  He can occasionally reach overhead and use foot controls.  The claimant should avoid concentrated exposure to vibrations, wetness, loud background noises, unprotected heights and other hazards.  The claimant can perform simple, routine

>work involving simple, work-related decisions with few, if any, workplace changes. He can occasionally interact with supervisors, coworkers and the public.

(Doc. 18 at 4). The Magistrate Judge concluded that the RFC was properly determined. (Id. at 10). Plaintiff objects, arguing that the ALJ did not articulate any functional limitations relative to his handgrip weakness, even after acknowledging medical records showing its existence pre-surgery, and in the face of his testimony about the "continuing limits on his grip and ability to hold items" post-surgery. (Doc. 18 at 2-3).

An ALJ's formulation of a plaintiff's RFC must be based on consideration of the complete record. 20 C.F.R. § 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony); see also Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record"). If, in considering the relevant evidence, the ALJ discredits the plaintiff's subjective testimony, he must articulate explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

As discussed in the Report and Recommendation, the ALJ considered Plaintiff's numbness and hand grip weakness in formulating the RFC. He cited directly to the medical record evidencing Plaintiff's pre-surgery "severe hand grip weakness." (Doc. 17 at 9). And while he acknowledged Plaintiff's post-surgery restrictions on lifting and pushing and pulling, he did not make a finding that the surgery resolved the handgrip weakness. (Id.) Instead, he considered Plaintiff's own testimony that he must take care when lifting things, must lift things in small increments, and must plan things in advance to avoid too much lifting. (Id. at 8). In considering this testimony, the ALJ determined that Plaintiff's statements on the limiting effects of his

symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Id. at 8-9).  The ALJ ultimately determined that Plaintiff retained the RFC for sedentary work with limitations on lifting and carrying, pushing and pulling, and reaching.  (Id. at 10).  As it is clear that the ALJ considered the complete record, appropriately discredited the plaintiff's subjective testimony, and crafted the RFC based on substantial evidence, the Magistrate Judge did not err in determining that the RFC was appropriate.

Accordingly, the Court **OVERRULES** plaintiff's objections, **ADOPTS** the Report and Recommendation as its opinion, **AFFIRMS** the Commissioner's final decision, and **DIRECTS** the Clerk of Court to close this case and enter final judgment in favor of the Commissioner.

**SO ORDERED**, this 14th day of September, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA